UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDUARDO PLACENCIA JR., et al.,

                        Plaintiffs,

            -v.-

GREENE, Dep. Warden of GRVC in
2022; BALLAH, Captain in GRVC in
2022 still is there now; GAINIESS,
Captain in GRVC in 2022 still is there
now; NYC/NYC DOC,

                        Defendants.

24 Civ. 7215 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Eduardo Placencia Jr, who is currently detained at the Otis

Bantum Correctional Center in the custody of the New York City Department of

Correction ("DOC"), brings this action *pro se.*[1]  He asserts claims, under 42

U.S.C. § 1983, that arose in 2022, at the George R. Vierno Center ("GRVC").

Plaintiff alleges that he was housed in the same unit as detainees known to be

from rival gangs and was returned to the same housing unit with his attacker

after having been stabbed.  Plaintiff also challenges his conditions of

confinement, alleging that he suffered frequent lockdowns, without access to

showers, recreation, or services.

---

[1]    As explained below, other detainees who are described as witnesses to the events giving
rise to Plaintiff's claims (and who have not signed the complaint or submitted *in forma
pauperis* applications), were incorrectly listed on the docket as plaintiffs. The Court
therefore refers to Placencia as Plaintiff.

By order dated September 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

Federal courts must screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    Parties to This Action

Plaintiff lists on page two of the complaint the names of some of the individuals allegedly "involved in this case." (ECF 1 at 2.) He writes that "most of these individuals are upstate serving prison time and only a handful are home." (*Id.*) This list of 15 individuals is titled "Plaintiffs," and the Clerk's Office has therefore listed them as such on the docket. No one other than Eduardo Placencia, Jr. has signed the complaint or submitted an *in forma pauperis* application and prisoner authorization. Moreover, there is neither an

---

[2]    Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

address for any of these individuals nor any indication that they knowingly intended to join this action.  The Court therefore does not deem them to be plaintiffs in this action.

Plaintiff Placencia also cannot bring suit on behalf of others.  *See U.S. ex rel. Mergent Servs.* v. *Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (citations omitted)).  Because it appears that these 15 individuals were incorrectly listed on the docket as plaintiffs, the Court directs the Clerk of Court to terminate on the docket all plaintiffs except Plaintiff Eduardo Placencia Jr.

**B.    New York City Department of Correction**

Plaintiff's claims against the New York City DOC must be dismissed because the DOC cannot be sued in the name of the agency.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the "NYC/ NYC DOC with the City of New

York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

## C.    Service on Named Defendants

The Clerk of Court is directed to electronically notify the New York City DOC and the New York City Law Department of this order.  The Court requests that the following Defendants waive service of summons: the City of New York, GRVC Deputy Warden Greene, GRVC Captain Ballah, GRVC Captain Gainiess, and DOC Assistant Chief of Security Charleton Lemon.

## D.    Standard Discovery Requests

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to terminate on the docket all individuals listed as plaintiffs in this action, except Eduardo Placencia, Jr., who shall proceed as the sole plaintiff.

---

[3]    If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court substitutes the City of New York for Defendant "NYC / NYC DOC." Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City DOC and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons: the City of New York, GRVC Deputy Warden Greene, GRVC Captain Ballah, GRVC Captain Gainiess, and DOC Assistant Chief of Security Charleton Lemon.

Local Civil Rule 33.2 applies to this action. The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   October 3, 2024
         New York, New York

_____
        KATHERINE POLK FAILLA
        United States District Judge