UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO PLACENCIA JR.,<br><br>                    Plaintiff,<br><br>        -v.-<br><br>THE CITY OF NEW YORK, TYNEKA GREENE, MARK BALLAH, CHARLTON LEMON, and ERICA DIXON,<br><br>                    Defendants. | 24 Civ. 7215 (KPF)<br><br>**ORDER REQUESTING PRO BONO COUNSEL** |

KATHERINE POLK FAILLA, District Judge:

In this case, Plaintiff brings a case against the City of New York and individual officers, alleging that they violated his constitutional rights by housing him in the same unit as detainees known to be from rival gangs and returning him to the same unit after a fight broke out in the unit. (Dkt. #24). Defendants answered Plaintiff's Amended Complaint on July 25, 2025. The Court seeks *pro bono* counsel assistance for upcoming discovery in the case.

## LEGAL STANDARD

The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" in deciding whether to request the appointment of counsel. *Id.*

Even if a court does believe that a litigant should have a lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead may

only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny

the request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge,* 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed IFP, which the Court granted on September 25, 2024. (*See* Dkt. #5). On February 3, 2025, Defendants requested a pre-motion conference to discuss Defendants' contemplated motion to dismiss. (*See* Dkt. #15). After the pre-motion conference, Plaintiff filed an Amended Complaint on May 7, 2025. (*See* Dkt. #24). On July 25, 2025, Defendants declined to file their contemplated motion to dismiss and instead answered the Amended Complaint. (*See* Dkt. #29). It appears that Plaintiff's financial status has not changed, and Plaintiff therefore qualifies as indigent.

In his Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, alleging, *inter alia,* failure to protect, unconstitutional conditions of confinement, deliberate indifference to safety, and improper searches and seizures. In particular, Plaintiff alleges, *inter alia,* that Defendants placed members of rival gangs in the same housing unit on Rikers Island, causing a fight to break out during which Plaintiff was injured. Plaintiff further alleges that Defendants then placed the rival gang members back in the same housing unit after the fight broke out. As a result, an additional riot broke out, but Plaintiff was kept in the same housing unit with the same inmates. Plaintiff also alleges that his sink was removed from the wall such that he had to drink and bathe from the toilet.

The Court finds that certain of Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61. Plaintiff's Amended Complaint includes detailed allegations of potential constitutional violations. (*See* Dkt. #24). This is evidenced by Defendants' decision to answer Plaintiff's Amended Complaint as opposed to moving to dismiss it right away. (*See* Dkt. #25, 29). At minimum, discovery will make clearer the substance behind Plaintiff's claims.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff is still incarcerated. But he is no longer at the facility where he alleges that the incidents in the Amended Complaint took place. As a result, he may struggle "to investigate the crucial facts" of the case. *Hodge*, 802 F.2d at 61; *cf. Hendricks*, 114 F.3d at 394 (noting that Plaintiff "has been incarcerated . . . , severely limiting his ability to investigate and present the crucial facts"). The events appear to be contested (*see* Dkt. #29), implicating the need for cross-examination, *Hodge*, 802 F.2d at 61-62. As this case enters discovery, counsel would facilitate Plaintiff's "ability to present the case." *Id.* at 62. And finally, some of the legal issues in the case are moderately "complex[]." *Id.* at 62. The case implicates not only various constitutional provisions, but also — among Defendants' eleven defenses — governmental immunity and the Prison Litigation Reform Act. (*See* Dkt. #29).

The totality of these circumstances indicate that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61 (citing *Ulmer* v. *Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

4

## CONCLUSION

For the foregoing reasons, the Court requests either all-purpose or limited-purpose representation for Plaintiff in this case. The limited-purpose representation would relate to discovery, which is set to begin. To give prospective counsel opportunity to consider this representation, the Court will defer entry of a Case Management Plan for thirty days.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases, and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail of copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated:  August 27, 2025
         New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge